1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     PATRICK H. MCGARY,                       Case No. 20-cv-03313-SI

8                    Plaintiff,
                                               **ORDER RE: PLAINTIFF'S MOTION**
9            v.                                **FOR ATTORNEY'S FEES AND COSTS**

10    FCA US LLC,                              Re: Dkt. No. 40

11                   Defendant.

12

13          Now before the Court is plaintiff's motion for attorney's fees and costs.  For the reasons set

14    forth below, the motion is GRANTED IN PART and DENIED IN PART.

15

16                                        **DISCUSSION**

17          On April 10, 2020, plaintiff Patrick McCary filed this action in the Superior Court for the

18    County of Humboldt.  The complaint alleged claims for breach of implied and express warranties

19    under California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").  McCary

20    alleged that the 2019 Ram 3500 pickup truck he purchased was defective, and that defendant FCA

21    US LLC ("FCA") was unable to conform the vehicle to its written warranty within a reasonable

22    number of repair attempts.  FCA removed the case to this Court on May 15, 2020.

23          The parties engaged in some discovery, appeared at several case management conferences

24    before this Court, and participated in a settlement conference with Magistrate Judge Illman.  On or

25    about June 7, 2021, the parties settled the underlying claims when McCary accepted FCA's Rule 68

26    offer for $127,000.00 in exchange for the return of the vehicle with clear title and allowing McCary

27    to recover his reasonable attorneys' fees and costs by noticed motion to the Court.

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   Plaintiff moves this Court for an award of attorney's fees and costs and expenses pursuant

2   to California Civil Code § 1794(d), the fee-shifting provision of the Song-Bervely Act.   Under

3   California law, courts use the "lodestar method" to calculate reasonable attorneys' fees.   *See Perdue

4   v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *Chavez v. City of Los Angeles*, 47 Cal. 4th 970,

5   985 (2010).   Under the lodestar method, the court calculates the fee by multiplying the number of

6   hours reasonably expended by counsel by a reasonable hourly rate.   *Id.*

7   Plaintiff requests attorney's fees under the "lodestar" method in the amount of $43,585.00.

8   Plaintiff also requests a lodestar enhancement of 0.5x, in the amount of $21,792.50, for a total fee

9   award of $65,377.50. Plaintiff also requests reimbursement of costs and expenses in the amount of

10  $7,593.04. The total amount requested by plaintiff's motion is $72,970.54.

11

12  **I.       Lodestar**

13  FCA contends that the fees requested are excessive because this is a "garden variety" lemon

14  law case that did not involve motion practice, expert discovery, or pretrial filings.   FCA asserts that

15  it settled this case as a "business decision," and devotes much of its opposition to arguing the merits

16  of plaintiff's claims.   FCA also contends, *inter alia*, that McCary did not achieve his litigation goals

17  because the final settlement was less than what McCary sought in his complaint or in his settlement

18  demands; that much of the time spent could have been performed by attorneys who bill at lower

19  rates; that time spent on particular tasks was excessive and counsel engaged in "block billing" that

20  makes it difficult to assess the reasonableness of time claimed; and that the Southern California

21  attorney rates ($325-$650) are "exorbitant."   FCA also objects that McCary's counsel did not

22  meaningfully engage in a meet-and-confer process to try to resolve the fee and costs matter prior to

23  filing the current motion.

24  Under California law, "absent circumstances rendering the award unjust, an attorney fee

25  award should ordinarily include compensation for *all* the hours *reasonably spent*, including those

26  relating solely to the fee." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001).   "[T]he trial court has

27  broad authority to determine the amount of a reasonable fee." *PLCM Group v. Drexler*, 22 Cal. 4th

28  1084, 1095 (2000).

The Court has reviewed the record and concludes that, for the most part, the time claimed is reasonable and that the billing records provided by plaintiff are sufficiently detailed to allow for meaningful review.  *See generally* Dkt. No. 40-2 (copy of the firm's billing records and list of itemized expenses)[1]; *Horsford v. Board of Trustees of California State University*, 132 Cal.App.4th 359, 396 (2005) (holding that the "time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication that the records are erroneous"); *Martino v. Denevi*, 182 Cal.App.3d 553, 559 (1986) ("Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an aware of attorney fees, even in the absence of detailed records.").  The Court also finds that the settlement provides significant relief to plaintiff and that the fee award should not be reduced simply because plaintiff made higher settlement demands or requested greater relief in the complaint.  However, the Court agrees with defendant that it is not reasonable to award fees associated with the January 26, 2021 vehicle inspection that was canceled by plaintiff.  Those fees total $4,267.50.[2]

The Court also concludes that the rates sought by plaintiff's counsel are reasonable and supported by the record.  To determine whether counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled."  *Ketchum*, 24 Cal. 4th at 1133.  "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).  Similarly, Civil Local Rule 54-5(b)(3) requires the party seeking a fee award to submit "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services."  The "party

---

[1] The Court OVERRULES defendant's objections to Mr. Daghighian's declaration and supporting exhibits.

[2] Those fees include the following entries: 1/25/21 (attorney Raymond Areshenko – 6.90 hours; $2,070.00); 1/25/21 (attorney Erik Schmitt - .3 hours ($82.50); .2 hours ($55.00); .2 hours ($55.00)); 1/26/21 (attorney Raymond Areshenko – 6.50 hours; $1,950.00); and 1/26/21 (attorney Erik Schmitt - .2 hours ($55.00)).

opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978-79 (9th Cir. 2008).

Here, plaintiff has submitted a declaration from counsel discussing the experience of the lawyers and paralegal who staffed this case; an excerpt from an attorney fee survey report reflecting rates for 2017-2018; and copies of court orders awarding plaintiff's counsel fees and costs in other cases. In addition, the Court notes that Mr. Daghighian states that his firm's hourly rates are the same in cases for work performed on a non-contingent basis. Daghighian Decl. ¶ 5. A court may consider an attorney's actual billing rate when determining a reasonable rate. *See White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983), *disapproved on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 718 n.4 (1987); *see also Bolden v. J&R Inc.*, 135 F. Supp. 2d 177, 179 (D.D.C. 2001) ("An attorney's actual billing rate is presumptively deemed a reasonable rate, provided that the rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"). The Court finds that the documentation submitted by plaintiff is sufficient and that FCA has not submitted any evidence challenging the reasonableness of plaintiff's counsel's hourly rates.

## II.     Multiplier

Plaintiff requests a .5 multiplier of the lodestar. "Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016). "The purpose of such an adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Ketchum*,

24 Cal. 4th at 1132. However, the Court "should not consider these factors to the extent that they are already encompassed within the lodestar." *Id.* at 1138. The party seeking a multiplier bears the burden of proof. *Id.* at 1138.

The Court concludes that under the circumstances of this case, plaintiff has not demonstrated that a multiplier is warranted. The Court recognizes the contingent risk incurred by plaintiff's counsel. However, the Court is not persuaded that this case involved particularly complex or novel issues, and the parties engaged in little discovery and no litigation aside from case management conferences and settlement discussions. Further, there is nothing in the record showing that this case precluded plaintiff's attorneys from taking on other work. *See Ketchum*, 24 Cal. 4th at 1132 (noting that court may also consider "the extent to which the nature of the litigation precluded other employment by the attorneys"). Accordingly, the Court exercises its discretion and declines to award a multiplier.

### III. Costs

Civil Code section 1794(d) provides in pertinent part that a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses . . . determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." McCary requests reimbursement of costs and expenses in the amount of $7,593.04.

FCA objects that McCary has not provided "any back-up" for his claimed expenses. The Court finds that the list of itemized expenses attached to Mr. Daghighian's declaration is sufficient. However, the Court agrees with defendant that plaintiff should not be reimbursed for the costs associated with the canceled January 26, 2021 vehicle inspection, which includes the following: 1/25/21 (mileage fee; $389.76); 1/25/21 (travel/hotel; $174.72); and 1/31/21 (Randall Bounds invoice; $925.00).[3]

---

[3] Plaintiff argues that defendant waived its objections to claimed costs by not filing a timely objection under Civil Local Rule 54-2. However, that rule pertains to Bills of Costs filed with the Clerk, not to fee motions filed with the Court.

United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for fees and costs as follows:  plaintiff is awarded fees of $39,317.50 and costs of $6,103.56.

**IT IS SO ORDERED**.

Dated: December 28, 2021

SUSAN ILLSTON
United States District Judge